UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DON ELVIN BOYD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:14-CV-3621-B |
| | § | |
| CAROLYN W. COLVIN, ACTING | § | |
| COMMISSIONER OF THE SOCIAL | § | |
| SECURITY ADMINISTRATION, | § | |
| | § | |
| Defendant. | § | |

ORDER OVERRULING PLAINTIFF'S OBJECTIONS
AND ADOPTING THE FINDINGS, CONCLUSIONS, AND
RECOMMENDATIONS OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court are the Magistrate Judge's Findings, Conclusions, and Recommendations (FC&R) (Doc. 15) and the Plaintiff's Objections to the FC&R (Doc. 16). Plaintiff raises three primary objections: (1) "The ALJ Failed to Properly Weigh the Medical Evidence," Doc. 16, Pl.'s Objs. 2; (2) "The ALJ Failed to Properly Evaluate Mr. Boyd's Credibility," *id.* at 5; and (3) "The ALJ Relied on Flawed Vocational Expert Testimony." *Id.* at 7. After considering the objections, FC&R, and record, the Court concludes that the Administrative Law Judge's (ALJ) decision applied the proper legal standards in evaluating the evidence and was supported by substantial evidence.

Plaintiff's first objection is that the ALJ should have given the opinion of Plaintiff's treating physician controlling weight, and that the ALJ did not provide sufficient explanation for his decision to not give it controlling weight. This is not the case. As the Magistrate Judge correctly pointed out, an ALJ is not required to give a treating physician's opinion controlling weight if good cause exists (e.g., the opinion is otherwise unsupported by the evidence). Doc. 15, FC&R 28. "If controlling

- 1 -

weight is not given to a treating [physician]'s opinion, the Commissioner considers six factors in deciding the weight given to each medical opinion . . . . [including] whether the source examined the claimant or not . . . whether the source treated the claimant . . . the consistency of the opinion with the record as a whole . . . and any other factor which tends to support or contradict the opinion." *Id.* (internal quotations and quotation marks omitted). The ALJ's decision to assign little weight to the opinion of Plaintiff's treating physician and to assign considerable weight to the opinion of a non-treating physician states multiple bases for good cause that are supported by substantial evidence in the record. Also, the decision considers the four factors quoted above, if only briefly. In doing so, the ALJ applied the proper legal standard in evaluating the evidence, and his decision was supported by substantial evidence. Therefore, the Court OVERRULES Plaintiff's first objection.

Plaintiff's second objection is that the ALJ failed to evaluate Plaintiff's credibility for the following reasons: (1) "the fact that Plaintiff was given a GAF score of 55 does not contradict a finding of mental disability," Doc. 16, Pl.'s Objs. 6; (2) "no negative inference can be drawn from the fact that [Plaintiff's] primary care physician would not provide an opinion on his mental functioning," *id.*; (3) "it is unclear how [Plaintiff's] history of legal problems is relevant to his statements about his mental health impairments," *id.* at 7; and (4) "the fact that [Plaintiff] can perform some activities of daily living does not mean that he can work." *Id.* This objection misses the point. Generally, when making a credibility finding regarding the claimant's statements, an ALJ must consider a non-exclusive list of factors, including: the claimant's daily activities; the location, duration, frequency, and intensity of pain or other symptoms; aggravating factors; the type, dosage, effectiveness, and side effects of any mediation taken for pain or symptoms; non-medication treatment for pain or symptoms; along with any other factors concerning the claimant's functional

limitations and restrictions due to pain or symptoms. *See* Doc. 15, FC&R 33–34. Plaintiff's four supporting arguments to his second objection arguably fall under this last factor, but the ALJ also considered the other factors, in some way, in his decision. The ALJ's consideration of each factor was supported by substantial evidence. Thus, the ALJ applied the proper legal standard in evaluating the evidence, and his decision was supported by substantial evidence. Therefore, the Court OVERRULES Plaintiff's second objection.

Plaintiff's third objection is that the ALJ improperly relied on vocational expert testimony that was flawed because the ALJ posed hypothetical questions to the expert that did not include the restriction that Plaintiff had "moderate difficulties in concentration, persistence, or pace and moderate restrictions in social functioning." Doc. 16, Pl.'s Objs. 8. However, as the Magistrate Judge explained, the ALJ considered this restriction in his residual function capacity (RFC) determination, which was supported by substantial evidence. Doc. 15, FC&R 36. As a result, this restriction was incorporated in the RFC determination. Then, the ALJ posed a hypothetical question to the vocational expert that tracked the RFC. As a result, the ALJ's hypothetical to the vocational expert reasonably included this restriction because it incorporated the RFC that incorporated the restriction. Thus, the vocational expert's testimony was not flawed. Therefore, the ALJ did not improperly rely on it. Accordingly, the Court OVERRULES Plaintiff's third objection.

For these reasons, the Court OVERRULES Plaintiff's objections and ADOPTS the Findings, Conclusions, and Recommendations of the United States Magistrate Judge.

SO ORDERED.

Dated: April 19, 2016.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE